**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: | ) **CHAPTER 7** |
| | ) |
| **BARRY G. ISAACSON,** | ) **NO. 21-13466** |
| | ) |
| Debtor. | ) **HON. A. BENJAMIN GOLDGAR** |

## NOTICE OF MOTION

To:      See Certificate of Service

PLEASE TAKE NOTICE that on **Friday, March 11, 2022 at 11:00 a.m.**, I will appear before the Honorable A. Benjamin Goldgar, or any judge sitting in his place and present the Motion of Michael Okun, individually and in his capacity as Trustee of the Michael D. Okun Revocable Trust of December 27, 2012, to Conduct a Rule 2004 Examination, a copy of which is attached.

This motion will be presented and heard electronically using Zoom for Government.  No personal appearance in court is necessary or permitted.  To appear and be heard on the motion, you must do the following:

To appear by video, use this link: https://www.zoomgov.com.  Then enter the meeting ID.
To appear by telephone, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666.  Then enter the meeting ID.

Meeting ID and password.  The meeting ID for this hearing is 160 817 7512.  Passcode is 623389.  The meeting ID and further information can also be found on Judge Goldgar's page on the court's web site.

If you object to this motion and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date.  If a Notice of Objection is timely filed, the motion will be called on the presentment date.  If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

MICHAEL OKUN, INDIVIDUALLY AND IN HIS CAPACITY AS TRUSTEE OF THE MICHAEL D. OKUN REVOCABLE TRUST OF DECEMBER 27, 2012
By:_____/s/Sheryl A. Fyock_____
     One of the Attorneys for Movant

Sheryl A. Fyock, sfyock@llflegal.com
Latimer LeVay Fyock LLC
55 West Monroe Street, Suite 1100
Chicago, Illinois 60603
(312) 422-8000
ARDC No. 06204378

1133378_2

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IN RE: | ) CHAPTER 7 |
| | ) |
| BARRY G. ISAACSON, | ) NO. 21-13466 |
| | ) |
| Debtor. | ) HON. A. BENJAMIN GOLDGAR |

**MOTION OF MICHAEL OKUN, INDIVIDUALLY AND IN HIS CAPACITY AS
TRUSTEE OF THE MICHAEL D. OKUN REVOCABLE TRUST OF DECEMBER 27,
2012 TO CONDUCT RULE 2004 EXAMINATIONS**

NOW COMES Michael Okun, individually and in his capacity as Trustee of the Michael

D. Okun Revocable Trust of December 27, 2012 ("Okun" or "Movant"), by and through his

attorney, Sheryl A. Fyock of Latimer, LeVay Fyock, LLC and hereby moves for the entry of an

order, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), (a)(1) authorizing Movant to conduct an examination of the Debtor, and (2) ordering the

Debtor to produce documents and sit for an examination at times and places within this District

to be determined; and further authorizing Movant to: (b)(1) conduct examinations of Leslie E.

Isaacson (the "Debtor's Wife"), Chase Bank. ("Chase"), T.D. Ameritrade ("Ameritrade")

Premier Property Plumbing, LLC (PPP, LLC), Margo Musial ("Musial"), Chuck Meyer

("Meyer") and the Kimball Lawrence Currency Exchange, Inc. ("Currency

Exchange")(collectively the Debtor's Wife, Chase, Ameritrade, PPP, LLC, Musial, Meyer, and

Currency Exchange may be referred to as the "Non-Debtor Examinees"); and (2) obtain

documents and compel attendance of the Non-Debtor Examinees pursuant to the issuance of

subpoenas and document request riders.

In support of the Motion, the Movant respectfully states as follows:

2

1133378_2

**Jurisdiction and Venue**

1.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

2.      Venue for this case and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The applicable rule is Bankruptcy Rule 2004.

**BACKGROUND**

4.      On December 21, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"), commencing the above-captioned chapter 7 case (the "Chapter 7 Case").  Prior to the filing of this case, Debtor filed previous bankruptcy cases in the Northern District of Illinois known as 94 B 24042, 05 B 26213 and 11 B 11366.

5.      Joseph E. Cohen was appointed as the trustee ("Trustee") in this Chapter 7 Case.

6.      The Movant is an unsecured creditor in this matter.  Additionally, Debtor and Movant were both co-owners in a business known as Premier Property Team, LLC ("PPT LLC").

7.      Prior to the filing of this bankruptcy case, Movant brought claims against Debtor in the Circuit Court of Cook County both individually and derivatively on behalf of PPT LLC alleging that Debtor breached his fiduciary duties by engaging in self-dealing, diverting corporate assets for his own personal benefit and the benefit of his family, usurping corporate opportunities, failing to maintain accurate books and records, failing to timely file tax returns and failing to provide Movant with the annual financial reports as required

8.      On December 17, 2021, the Debtor filed his bankruptcy schedules and statement of financial affairs (together, the "Schedules").

1133378_2

9.     On January 19, 2022, the Trustee convened a meeting of creditors pursuant to section 341(a) of the Bankruptcy Code (the "341 Meeting").  The Debtor was examined for approximately one hour, at which time the meeting was continued to February 3, 2022 for Debtor to produce additional documents as requested by the Trustee. Upon information and belief, Debtor has failed to produce the requested documents to the Trustee and the Trustee has filed a Motion for Turnover against Debtor.

10.     Debtor is also the manager and sole member of PPP LLC, an ongoing business.

11.     Since the filing of this case, Debtor, as a petitioning creditor together with PPP LLC and Debtor's Wife, filed an involuntary petition for PPT LLC which is currently pending as 21 B 14401 ("PPT LLC Bankruptcy").

12.     At the 341 Meeting, the Debtor was examined by the Trustee, and briefly by certain creditors, including Movant.  Therein, the Debtor testified about certain information disclosed on his schedules, and other matters including, but not limited to:

      a.  the Debtor's living arrangements and household expenses with Debtor's Wife;

      b.  PPT LLC and PPP LLC, business enterprises of Debtor;

      c.  the relationship between PPT LLC and PPP LLC and financial transactions between the entities.

The issues detailed in this paragraph 12 shall be referred to herein collectively as the "341 Meeting Issues."

### **RELIEF REQUESTED**

13.     By this Motion, Movant seeks authorization to conduct examinations under oath of the Debtor and the 2004 Examinees and to compel the production of certain documents therefrom.

14.     Pursuant to Bankruptcy Rule 2004(a), the Court may order the examination of "any entity." Fed. R. Bankr. P. 2004(a). Such an examination may relate to the "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge." Fed. R. Bankr. P. 2004(b). Courts ordinarily grant motions under Bankruptcy Rule 2004 if the movant provides "some reasonable basis to examine the material" sought to be discovered.  *In re Grabill*, 109 B.R. 329, 334 (N.D. Ill. 1989) (internal citation omitted).

15.     Where the proposed examinee is the debtor, the Bankruptcy Rules afford a movant extra procedural flexibility.  Instead of following the usual two-step procedure of first obtaining court approval for an examination, then serving the examinee with a subpoena to compel attendance, *see* Fed. R. Bankr. P. 2004(c), the movant can simply ask the bankruptcy court to order the debtor to submit to examination at a particular time and place, and produce documents in advance of such examination. Fed. R. Civ. P. 2004(d); *see also* Fed. R. Civ. P. 2004, advisory committee note (d) (stating that, if this procedure is followed, "a subpoena need not be issued").

16.     The Movant has identified each of the Non-Debtor Examinees as entities which are likely to possess information, which may lead to the discovery of assets of, or certain improprieties committed by, the Debtor.  In order to determine if a basis exists to object to Debtor's discharge, the Movant must dig further into the prior actions of Debtor by examination of, and requesting documents from, both the Debtor and the Non-Debtor Examinees.

17.     Bankruptcy Rule 2004 is intended to facilitate such investigation, by way of its broad scope. "The scope of inquiry under Bankruptcy Rule 2004 is very broad.  Great latitude of inquiry is ordinarily permitted.  Where there is a showing that the purpose of the examination is to enable a party to probe into matters which may lead to the discovery of assets by examining

5

not only the debtor, but also other witnesses, such inquiry is allowed." *In re Handy Andy Home Imp. Centers, Inc.*, 199 B.R. 376, 379 (Bankr. N.D. Ill. 1996).  The Movant intends to examine the Debtor regarding his pre-petition and post-petition financial affairs, and request relevant documents in connection therewith, including, but not limited to:

    a.   Tax returns;

    b.   Financial statements;

    c.   Bank statements;

    d.   Credit card statements;

    e.   The business records of PPP LLC; and

    f.   The business records of PPT LLC.

18.    Bankruptcy Rule 2004 is properly used as a pre-litigation tool in exactly this fashion. *See e.g. In re Brooke Corp.,* 2013 WL 3948866, *2 (Bankr. D. Kan. July 29, 2013) ("Rule 2004 is properly used by a trustee to reveal the nature and extent of the estate, and as a pre-litigation device to determine if there are grounds to bring an action."); *see also, e.g., In re Corso*, 328 B.R. 375, 383 (E.D.N.Y. 2005) ("FRBP 2004 is used as a pre-litigation device to determine whether there are grounds to bring an action to determine a debtor's right to discharge a particular debt."); *see also, e.g., In re Comdisco, Inc.*, 2006 WL 2375458, at *6 (N.D. Ill. Aug. 14, 2006) ("Rule 2004 is a pre-litigation discovery device for bankruptcy proceedings . . . ."); *see also, e.g., In re Recoton Corp.*, 307 B.R. 751, 756 (Bankr. N.D.N.Y. 2004).

19.    Neither, Movant, nor any other party in interest, has initiated any adversary proceedings against the Debtor.  At this juncture in the Chapter 7 Case, and on account of the presences of the Investigation Topics, the Movant submits that the relief sought by this Motion is appropriate, efficient, and in the best interests of the estate and its creditors.  If the discovery

1133378_2

requested hereby is permitted, the Movant will be able to summarily determine what, if any, causes of action may exist, before incurring the costs of bringing all such potential actions.

**WHEREFORE**, the Movant respectfully requests that this Court enter an order granting the Motion and (a)(1) authorizing the Committee to conduct an examination of the Debtor, and (2) ordering the Debtor to produce documents and sit for an examination at times and places within this District to be determined; and authorizing the Committee to: (b)(1) conduct examinations of the Non-Debtor Examinees; and (2) obtain documents and compel attendance of the Non-Debtor Examinees pursuant to the issuance of subpoenas and document request riders; and (c) granting such other and further relief as is just and proper.

Dated:   February 24, 2022        Respectfully Submitted,

**MICHAEL OKUN, individually and in his capacity as Trustee of the Michael D. Okun Revocable Trust of December 27, 2012**

By:     /s/Sheryl A. Fyock
          One of His Attorneys

**Sheryl A. Fyock**
**LATIMER LEVAY FYOCK LLC**
55 W. Monroe Street, Suite 1100
Chicago, Illinois 60603
(312) 422.8000
ARDC #: 06204378
sfyock@llflegal.com

1133378_2

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: | ) CHAPTER 7 |
| | ) |
| BARRY G. ISAACSON, | ) NO. 21-13466 |
| | ) |
| Debtor. | ) HON. A. BENJAMIN GOLDGAR |

## <u>CERTIFICATE OF SERVICE</u>

I, the undersigned attorney, do hereby certify that I served the foregoing Notice and Motion and Motion to Conduct Rule 2004 Examination via electronic Notice through ECF on the individual(s) listed below on February 24, 2022:

Ariel Weissberg
David M. Jankura
Weissberg & Associates, Ltd.
Counsel for Debtor
564 W. Randolph Street, 2nd Floor
Chicago, Illinois 60661
ariel@weissberglaw.com
davidmjankura@gmail.com

Joseph E. Cohen
Cohen & Krol
Trustee
105 West Madison Street, Suite 1100
Chicago, Illinois 60602
jcohen@cohenandkroll.com

Patrick S. Layng, U.S. Trustee
Office of the U.S. Trustee, Region 11
219 S. Dearborn Street, Room 873
Chicago, Illinois 60604
USTPRegion11.ES.ECF@usdoj.gov

Jodi L. Flynn
Davis McGrath LLC
Counsel for Creditors Sandra Davis and Georgia Lewis
125 S. Wacker Drive, Suite 300
Chicago, Illinois 60606
jflynn@davismcgrath.com

1133378_2

I further certify that I served the foregoing Notice of Motion and Motion to Conduct Rule 2004 Examination via First Class United States Mail, postage prepaid, on Debtor, as listed below at the address indicated, by depositing same in the U.S. mail depository located at 55 W. Monroe Street, Chicago, Illinois 60603 on February 24, 2022:

> Barry G. Isaacson
> 2568 Union Court
> Long Grove, Illinois 60047

Dated: February 24, 2022

> /s/ Sheryl A. Fyock
> **Sheryl A. Fyock (ARDC No. 06204378)**
> **LATIMER LEVAY FYOCK LLC**
> 55 West Monroe Street, Suite 1100
> Chicago, Illinois 60603
> (312) 422-8000
> (312) 422-8001 (Fax)

1133378_2