**B1040 (FORM 1040) (12/15)**

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| | |

| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
|---|---|
| | |

| **PARTY** (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

**B1040 (FORM 1040) (12/15)**

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** |||
|---|---|---|
| NAME OF DEBTOR | | BANKRUPTCY CASE NO. |
| DISTRICT IN WHICH CASE IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** |||
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) |||
| DATE | | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
|     BARRY G. ISAACSON, | ) | Case No. 21-13466 |
|         Debtor. | ) | Hon. A. Benjamin Goldgar |
| _____ | ) | |
| | ) | |
| GEORGIA LEWIS and SANDRA DAVIS, | ) | |
|         Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adversary No._____ |
| | ) | |
| BARRY G. ISAACSON, | ) | |
|         Defendant. | ) | |

## **COMPLAINT OBJECTING TO DISCHARGEABILITY**

Creditors Georgia Lewis and Sandra Davis ("Plaintiffs"), by and through their attorneys Davis McGrath LLC object to the dischargeability of the claim of Debtor Barry G. Isaacson ("Debor") and allege as follows:

1. This Court has jurisdiction of this case pursuant to 28 U.S.C. §§ 157(b) and 1334(a) of the United States Bankruptcy Code ("Bankruptcy Code").

2. This Complaint is a civil action based on 11 U.S.C. § 523(a)(2)(A) and (6).

3. Debtor commenced this bankruptcy by filing a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on November 26, 2021. Prior to filing of this case, Debtor filed prior bankruptcy cases known as 94 B 24042, 05 B 26213, and 11 B 11366.

4. Plaintiffs are listed as judgement creditors of Debtor on his Schedule E/F. Plaintiffs are creditors of Debtor by virtue of their claims against the Debtor and the August 5, 2021 and September 13, 2021 judgments against Debtor stemming from remodeling work Debtor performed at Plaintiffs' residential property located at 1537 N. Laramie Avenue, Chicago, IL 60651

("Property"). At all relevant times, Plaintiff Georgia Lewis owned and resided at the Property and her daughter Plaintiff Sandra Davis also resided at the Property.

5. Plaintiffs' time for objecting to Debtor's discharge or dischargeability was extended to December 8, 2022.

## BACKGROUND

6. Plaintiffs and The Premier Property Team LLC d/b/b Premier Property Group ("Premier") executed a Construction Contract dated August 21, 2017 for remodeling of the Property in the total amount of $204,200. Debtor executed the Construction Contract as President of Premier. Premier and Debtor began work under the Construction Contract on October 9, 2017. Plaintiffs made payments totaling $108,068, but refused to make additional payments after learning that Premier and Debtor failed to provide approved blueprints and permits for the renovation project and damaged the Property. Premier and Debtor did not remedy the problems, but instead, on November 21, 2017, stopped work, abandoned the renovation project and failed to secure the Property from the elements. Premier and Debtor left the Property uninhabitable.

7. On September 20, 2019, Plaintiffs filed the case captioned *Georgia Lewis and Sandra Davis v. The Premier Property Team LLC d/b/a Premier Property Group and Barry Isaacson,* Case No. 2019 L 010385 in the Circuit Court of Cook County, Illinois County Department – Law Division ("Law Division Case"). The Complaint as amended alleged claims for breach of contract and warranty against Premier (Count I), violation of Section 2Q of the Illinois Consumer Fraud and Deceptive Trade Practices Act against Premier and Debtor (Count II), violation of Section 2Z of the Illinois Consumer Fraud and Deceptive Trade Practices Act against Premier and Debtor (Count III), common law fraud against Premier and Debtor (Count IV) and rescission against Premier and Debtor (Count V).

8. On November 20, 2019, a judgment was entered in the case captioned *City of Chicago v. The Premier Property Team LLC,* Docket # 19CS006047 by the City of Chicago Department of Administrative Hearings against Premier after it was found liable by plea for numerous Municipal Code violations involving consumer fraud, unfair methods of competition, or deceptive practices related to the work at the Property.

9. On August 5, 2021 a judgment was entered in the Law Division Case in favor of Plaintiffs and against Premier and Debtor, jointly and severally, in the total amount of $985,325.49 plus $100,000 in punitive damages ("August 2021 Judgment") based on claims of violation of the Illinois Consumer Fraud and Deceptive Practices Act and common law fraud. On September 13, 2021 a judgment was entered in the Law Division Case in favor of Plaintiffs and against Premier and Debtor, jointly and severally, in the total amount of $68,144.36 ("September 2021 Judgment") for attorneys' fees and costs. True and correct copies of the August 2021 and September 2021 Judgments are attached as **Exhibit A and B,** respectively.

10. On October 17, 2021 a Citation to Discover Assets was served on Debtor.

**COUNT I**
**OBJECTION TO DISCHARGEABILITY PURSUANT TO §523(a)(2)(A)**

11. Plaintiffs repeat, reallege and incorporate by reference the alleges in paragraphs 1-10 herein.

12. The August 2021 Judgment entered by Judge Daniel J. Kubasiak in the Circuit Court of Cook County Law Division includes specific findings that

> 8. The Defendants are persons engaged in the business of home repair as defined in Section 2 of the Home Repair Fraud Act (815 ILCS 515/2(b)) and they failed and refused to complete the work under the Construction Contract and abandon the renovation project on or about November 21, 2017.
>
> 9. Plaintiffs sent a demand for refund of their deposit and progress payments in the total amount of $108,068 in compliance with the Illinois Consumer Fraud

3

and Deceptive Business Practices Act ("ICFA") (815 ILCS 505/2Q(c)), but Defendants failed to refund Plaintiffs' deposit and progress payments. Plaintiffs were damaged as a result of Defendants' failure to comply with the ICFA.

10. On September 6, 2017, Isaacson on behalf of Premier represented to Plaintiffs that Premier would obtain final drawings and permits for the Renovation Project as required by the Construction Contract and had obtained a surety bond in the approximate amount of $100,000 in compliance with the Municipal Code of Chicago as required by the Construction Contract. On October 11, 2017, Tom Witte and Margo Musial on behalf of Premier represented to Sandra that progress payments were due. On November 9, 2017, Isaacson on behalf of Premier made a representation to Sandra that the permit was being processed.

11. Defendants made the representations to Plaintiffs with the knowledge they were false.

12. Defendants made the representations to Plaintiffs deliberately for the purpose of deceiving Plaintiffs and inducing them to sign the Construction Contract, pay the $60,000 deposit and four progress payments in the amount of $12,017 each, and allow them to continue construction work at the Property.

13. Plaintiffs justifiably relied on Defendants' representations when they executed the Construction Contract, paid the $60,000 deposit and four progress payments in the amount of $12,017 each for a total amount of $108,068 and allowed Defendants to continue construction work at the Property. *See* Motion, Ex. 1(E) – Payments to Premier copies of which are attached.

14. Plaintiffs' reliance on Defendants' representations proximately caused the Plaintiffs' damages which were reasonably foreseeable by Defendants and include:

| | |
|---|---|
| Cost to complete renovation project and correct defective conditions | $589,160.00 |
| Expenses and losses incurred | <u>$188,097.49</u> |
| | $777,257.49 |

(Ex. A, ¶s 8-14)

    13.    The August 2021 Judgment provides in part

        C. Judgment is entered in favor of Plaintiffs and against Premier and Isaacson, jointly and severally, on Count II of the Amended Complaint in the amount of $108,068 for the nonrefunded deposit and four progress payments; plus

4

$777,257.49 as of June 1, 2021 for economic damages; plus attorneys' fees and costs.

D. Judgment is entered in favor of Plaintiffs and against Premier and Isaacson, jointly and severally, on Count [IV] of the Amended in the amount of $108,068 for the nonrefunded deposit and four progress payments; plus $777,257.49 as of June 1, 2021 for the estimated costs to complete the work outlined in the Construction Contract and correct the defective conditions caused by Defendants and consequential damages; plus punitive damages in the amount of $100,000; plus attorneys' fees and costs.

(Ex. A, ¶s C, D)

14. The September 2021 Judgment provides in part

A judgment is entered in favor of Plaintiffs Georgia Lewis and Sandra Davis and against Defendants The Premier Property Team LLC d/b/a Premier Property Group and Barry Isaacson, jointly and severally, in the amount **$66,985** for attorneys' fees and **$1,159.36** for costs for the period January 14, 2019 through August 4, 2021.

(Ex. B, ¶ 2)

15. Section 523(a)(2)(A) of the Bankruptcy Code provides in relevant part: (a) a discharge under section 727 … of this title does not discharge an individual debtor from any debt – (2) for money, property, services, or an extension renewal, or refinancing of credit, to the extent obtained by – (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

WHEREFORE, Plaintiffs Sandra Davis and Georgia Lewis pray that this Honorable Court enters a judgment in their favor and against Debtor Barry Isaacson finding that the debt owed by Debtor to the Plaintiffs based on the August 2021 Judgment in the total amount of $985,325.49 and the September 2021 Judgment in the total amount of $68,144.36 is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) and grant such other and further relief as this Court deems just and reasonable.

## COUNT II
## OBJECTION TO DISCHARGEABILITY PURSUANT TO §523(a)(6)

16. Plaintiffs repeat, reallege and incorporate by reference the averments allege in paragraphs 1-15 herein.

17. Debtor's statements with knowledge that the representations were false regarding the blueprints, permits and surety bond required by the Construction Contract and repeated requests for progress payments when the blueprints had not been completed willfully and maliciously caused injury to the Property and Plaintiffs.

18. Section 523(a)(6) of the Bankruptcy Code provides in relevant part: (a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt – (6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

WHEREFORE, Plaintiffs Sandra Davis and Georgia Lewis pray that this Honorable Court enters a judgment in their favor and against Debtor Barry Isaacson finding that the debt owed by Debtor to the Plaintiffs based on the August 2021 Judgment in the total amount of $985,325.49 and the September 2021 Judgment in the total amount of $68,144.36 is nondischargeable pursuant to 11 U.S.C. § 523(a)(6) and grant such other and further relief as this Court deems just and reasonable.

Respectfully submitted,
Georgia Lewis and Sandra Davis

*/s/ Jodi L. Flynn*
One of their attorneys

Jodi L. Flynn (Atty. Id. # 6230910)
Juris Kins (Atty. Id. # 1468405)
Davis McGrath LLC
125 S. Wacker Drive; Suite 300
Chicago, IL 60606; 312-332-3033
jflynn@davismcgrath.com
jkins@davismcgrath.com

6

# EXHIBIT A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| GEORGIA LEWIS and SANDRA DAVIS, ) | |
| ) | |
| Plaintiffs/Counter-Defendants, ) | Case No.: 2019-L-010385 |
| ) | |
| v. ) | Honorable Daniel J. Kubasiak |
| ) | |
| THE PREMIER PROPERTY TEAM LLC, *et al.* ) | Calendar T |
| ) | |
| Defendants/Counter-Plaintiffs. ) | |

### ORDER

This matter coming before the Court on Plaintiffs Georgia Lewis ("Georgia") and Sandra Davis' ("Sandra") (collectively "Plaintiffs") Motion for Summary Judgment on Counts I (breach of contract and warranty), II (violation of Section 2Q of the Consumer Fraud and Deceptive Practices Act), and IV (common law fraud) of the Amended Complaint ("Motion"), all parties receiving notice, Defendants The Premier Property Team LLC d/b/a Premier Property Group ("Premier") and Barry Isaacson ("Isaacson") (collectively "Defendants") having been found in default on June 15, 2021 for failure to file an additional appearance and appear in Court on May 12, 2021 and June 15, 2021, and the Court being fully apprised in the matter;

**THE COURT FINDS:**

1. Georgia owns and prior to October 11, 2017, resided at a 2 flat residential building at 1537 N. Laramie Street, Chicago, Illinois 60651 ("Property"). Sandra is Georgia's daughter and prior to October 11, 2017, resided at the Property.

2. Premier is in the business of providing construction services in Cook County Illinois. Isaacson is the managing member of Premier.

3. Plaintiffs and Premier entered into a construction contract dated August 21, 2017 ("Construction Contract") to perform certain renovation work at the Property for $204,200 with a deposit of $60,000 at the acceptance of the Construction Contract and, upon completion of the blueprints, weekly progress payments over the duration of 12 weeks in the amount of $12,017 each.

4. The Construction Contract required, inter alia, Premier to (a) provide all plans, specifications, drawings, and permits necessary; (b) provide services in a timely and workmanlike manner and complete the renovation project; (c) obtain a surety bond; and (d) provide Plaintiffs with a list of each party furnishing materials and/or labor to Premier as part of the services governed by the Construction Contract, the dollar amount due, or expected to be due with regard to the provision of the services governed by the Construction Contract.

5. Premier started work under the Construction Contract on October 9, 2017, but on or about November 21, 2017, Isaacson demanded Plaintiffs make an additional progress payment of

$36,051 and threatened to stop work if the payment was not made. Plaintiffs refused to make the payment due to Premier's failure to provide approved blueprints and permits and damage to the Property.

6.   Premier did not remedy the problem and stopped work and abandoned the Renovation Project on or about November 21, 2017. Premier breached the Construction Contract and failed to provide the work and services set out in paragraph 4 above. Defendants left the Property uninhabitable. The back porch was demolished, there were exposed electrical lines lying in the back yard, there were holes in the roof and walls which allowed water to infiltrate the Property and mold and mildew to grow, the solid wood doors were damaged, the wrong window was installed in the kitchen on the first floor, and no window was installed in the bathroom on the first floor. (Motion, Ex. 2, ¶19) In addition, the electrical system was in the process of being gutted, the boiler and radiators were disconnected and not operational, the plumbing system had been gutted, and various areas of the first floor were gutted and drywall was missing. (Motion, Ex. 2(K) *See* Xcellence Inspection Services Report dated February 6, 2018). "Overall, the damage to the Property is seen to be extreme and appears to have been carried out due to unorganized, unprofessional and negligent conduct of the contractor." (Motion, Ex. 2(K) *See* A-Squared Engineering Services, P.C. Report dated July 19, 2018).

7.   Plaintiffs performed their obligations under the Construction Contract and were damaged as a result of Premier's breach of the Construction Contract. Plaintiffs paid the $60,000 deposit and 4 progress payments in the amount of $12,017 each for a total amount of $108,068. (Motion, Ex. 1(E)). In an effort to get their money back so they could hire a replacement contractor to finish the renovation project, Plaintiffs filed administrative complaints with the Illinois Attorney General's office and City of Chicago, but no judgment was entered in their favor. (Motion, Ex. 1, ¶15; Exs. 5 - 6). Plaintiffs sent demand and notice letters to Defendants in an attempt to get Defendants to complete the renovation project and/or refund their money, but Defendants did not respond. (Motion, Exs. 7-10). Plaintiffs patched the roof of the Property two times. (Motion, Ex. 2(K), *See* A.M. Construction Proposal dated February 13, 2018 and Sullivan, Dukes & Seward, Inc. Proposal Est. Start Date January 22, 2020). As a result of Defendants' failure to complete the renovation project and refund their money, Plaintiffs were unable to hire a replacement contractor to complete the renovation project and incurred expenses and losses for an inspection report, engineering report, architectural services, mold remediation quote, plat of survey, security systems, alternative housing, storage, P.O. Box, and lost rental income and grant from Austin Ascending beginning February 1, 2018. (Motion, Ex. 2(K)).

8.   The Defendants are persons engaged in the business of home repair as defined in Section 2 of the Home Repair Fraud Act (815 ILCS 515/2(b)) and they failed and refused to complete the work under the Construction Contract and abandon the renovation project on or about November 21, 2017.

9.   Plaintiffs sent a demand for refund of their deposit and progress payments in the total amount of $108,068 in compliance with the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") (815 ILCS 505/2Q(c)), but Defendants failed to refund Plaintiffs' deposit and progress payments. Plaintiffs were damaged as a result of Defendants' failure to comply with the ICFA.

10. On September 6, 2017, Isaacson on behalf of Premier represented to Plaintiffs that Premier would obtain final drawings and permits for the Renovation Project as required by the Construction Contract and had obtained a surety bond in the approximate amount of $100,000 in compliance with the Municipal Code of Chicago as required by the Construction Contract. On October 11, 2017, Tom Witte and Margo Musial on behalf of Premier represented to Sandra that progress payments were due. On November 9, 2017, Isaacson on behalf of Premier made a representation to Sandra that the permit was being processed.

11. Defendants made the representations to Plaintiffs with the knowledge they were false.

12. Defendants made the representations to Plaintiffs deliberately for the purpose of deceiving Plaintiffs and inducing them to sign the Construction Contract, pay the $60,000 deposit and four progress payments in the amount of $12,017 each, and allow them to continue construction work at the Property.

13. Plaintiffs justifiably relied on Defendants' representations when they executed the Construction Contract, paid the $60,000 deposit and four progress payments in the amount of $12,017 each for a total amount of $108,068 and allowed Defendants to continue construction work at the Property. *See* Motion, Ex. 1(E) – Payments to Premier copies of which are attached.

14. Plaintiffs' reliance on Defendants' representations proximately caused the Plaintiffs' damages which were reasonably foreseeable by Defendants and include:

| | |
|---|---|
| Cost to complete renovation project and correct defective conditions | $589,160.00 |
| Expenses and losses incurred | $188,097.49 |
| | $777,257.49 |

*See* Motion, Ex. 2(K) - Itemization of Plaintiffs' Damages a copy of which is attached hereto.

**IT IS HEREBY ORDERED:**

A. Plaintiffs' Motion for Summary Judgment on Counts I, II, and IV of the Amended Complaint is granted.

B. Judgment is entered in favor of Plaintiffs and against Premier on Count I of the Amended Complaint in the amount of $777,257.49 as of June 1, 2021 for the estimated costs to complete the work outlined in the Construction Contract and correct the defective conditions caused by Defendants and consequential damages plus costs.

C. Judgment is entered in favor of Plaintiffs and against Premier and Isaacson, jointly and severally, on Count II of the Amended Complaint in the amount of $108,068 for the nonrefunded deposit and four progress payments; plus $777,257.49 as of June 1, 2021 for economic damages; plus attorneys' fees and costs.

D. Judgment is entered in favor of Plaintiffs and against Premier and Isaacson, jointly and severally, on Count III of the Amended Complaint in the amount of $108,068 for the nonrefunded

deposit and four progress payments; plus $777,257.49 as of June 1, 2021 for the estimated costs to complete the work outlined in the Construction Contract and correct the defective conditions caused by Defendants and consequential damages; plus punitive damages in the amount of $100,000; plus attorneys' fees and costs.

E.  Plaintiffs are granted leave to file a petition for attorneys' fees and costs within 14 days.

F.  Counts III and V of the Amended Complaint are dismissed without prejudice.

ENTERED:

**ENTERED**
Judge Daniel J. Kubasiak-2072
AUG 0 5 2021
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

_____
Honorable Daniel J. Kubasiak    Judge No. 2072

Jodi L. Flynn
Juris Kins
DAVIS McGRATH LLC
Attorneys for Plaintiffs
Attorney No.: 61335
125 S. Wacker Dr., Ste. 300
Chicago, Illinois 60606
(312) 332-3033
jflynn@davismcgrath.com
jkins@davismcgrath.com

# EXHIBIT B

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| GEORGIA LEWIS and SANDRA DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2019 L 010385 |
| ) | |
| THE PREMIER PROPERTY TEAM LLC ) | Honorable Daniel J. Kubasiak |
| d/b/a PREMIER PROPERTY GROUP, an ) | Calendar T |
| Illinois Limited Liability Company, and ) | |
| BARRY ISAACSON, ) | |
| ) | Zoom ID: 913 6588 1682 |
| Defendants. ) | Password: 894316 |

## ORDER

This matter coming to be heard on Plaintiffs' Petition for Attorneys' Fees and Costs and their Oral Motion to Correct a Scrivener's Error in the Order entered on August 5, 2021, all parties receiving notice, Defendants failing to appear in Court, and the Court being fully advised in the premises;

IT IS HEREBY ORDERED:

1. Plaintiffs' Petition for Attorneys' Fees and Costs is granted.

2. A judgment is entered in favor of Plaintiffs Georgia Lewis and Sandra Davis and against Defendants The Premier Property Team LLC d/b/a Premier Property Group and Barry Isaacson, jointly and severally, in the amount **$66,985** for attorneys' fees and **$1,159.36** for costs for the period January 14, 2019 through August 4, 2021.

3. Paragraph D, line 2 of the Order entered on August 5, 2021 is corrected by deleting "Count III" and inserting "Count IV".

4. Pursuant to Illinois Supreme Court Rule 304(a), there is not just reason for delaying either enforcement or appeal or both of this action.

ENTERED:
Judge Daniel J. Kubasiak-2072
SEP 13 2021
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

ENTERED:

_____
Judge

Jodi L. Flynn
Juris Kins
Davis McGrath LLC
125 S. Wacker Dr., Ste. 300
Chicago, IL 60606
312-332-3033 / Attorney No. 61335
jflynn@davismcgrath.com
jkins@davismcgrath.com